**Pamela K. McNEESE and James W. McNeese, Plaintiffs,**

v.

**HEALTH PLAN MARKETING, INC.; W.F. Mathis, Sr., Defendants.**

**Civ. A. No. 84–G–1736–S.**

United States District Court, N.D. Alabama, S.D.

April 29, 1986.

George C. Longshore, Birmingham, Ala., Herbert F. Young, Jr., Decatur, Ala., for plaintiffs.

Frank M. Bainbridge, Porterfield, Scholl, Bainbridge, Mims & Harper, James E. Harris, Carol Ann Rasmussen, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiffs, Pamela K. McNeese and James W. McNeese, bring this action pursuant to Section 1132(1)(A) and (B) and (1) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. Plaintiffs originally sought legal and equitable relief from three corporations and four individuals, including defendants W.F. Mathis, Sr., and Health Plan Marketing, Inc. (HPM). A default judgment was entered against American Intermedical Resources, Inc., AIR, Inc., and Larry R. House on January 30, 1985. On October 4, 1985, the claim was dismissed with prejudice in favor of defendant Elliott T.

Williams. By order dated April 17, 1986, defendant A. Keith Berry was voluntarily dismissed on motion of plaintiff.

The plaintiffs seek to recover hospital and dental bills allegedly due to be paid by an uninsured group medical plan (Plan) covering the employees of American Intermedical Resources (Intermedical). Plaintiff Pamela K. McNeese was an employee at Intermedical from 1977 to February 5, 1984, and was a participant in the Plan which entitled her and her husband to medical benefits. The coverage became effective on January 25, 1982 for Pamela and on June 1, 1982 for James. In 1983, the plaintiffs incurred medical expenses of approximately $13,076.00 because Mr. McNeese was hospitalized two times for a back injury. The plaintiffs submitted claims to the defendants which have gone unpaid because of insufficient funds in the Plan.

Defendant HPM is a corporation engaged in the business of designing, marketing, implementing, administering and providing actuarial and other investment advice with respect to employee welfare benefit plans. Defendant Mathis is president of HPM. On January 25, 1982, HPM executed a contract for services to design and install a qualified medical benefit plan with Intermedical to provide sickness and accident benefits to eligible employees. Under the contract for services, HPM was designated as the plan supervisor and was given the responsibility to make payment on the claims and to adopt procedures relating to the submission of benefit claims. Mr. Mathis signed that contract for HPM. The Plan was to be funded by means of deductions from employee payrolls and by employer contributions which were supposed to be held in an escrow account set up by Intermedical. Instead, this account was never set up and the claims were paid from the assets of Intermedical directly.

The complaint states three causes of action under ERISA against the defendants HPM and W.F. Mathis. The first seeks relief for failure of an administrator to refuse to comply with a request for information which he is required to furnish to a participant under the ERISA statute. 29 U.S.C. § 1132(a)(1)(A). The second is to recover benefits due to him under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). The third is for breach of a fiduciary duty as defined in § 1109 of the statute. 29 U.S.C. § 1132(a)(2). Plaintiffs filed a motion for summary judgment on May 30, 1985, against HPM and Mathis (hereinafter defendants) pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs claim that they are entitled to judgment as a matter of law based on the defendants' breach of fiduciary duty. The defendants filed a counter motion for summary judgment on May 30, 1985, claiming that they have no fiduciary duty to the plaintiffs.

This court has exclusive jurisdiction over civil actions brought under ERISA for breach of a fiduciary duty. 29 U.S.C. § 1132(e). The purpose of judicial review is to ensure consistent and principled application of a fiduciary's obligations under the Act. *Morse v. Stanley*, 732 F.2d 1139 (2d Cir.1984). A beneficiary or participant in an employee benefit plan is entitled to maintain an action for breach by a fiduciary for "any responsibility, duty or obligation imposed by the Act, assuming, of course, that the breach causes him some injury." *Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482, 488 (9th Cir.1983), *rev'd on other grounds*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

The first step in finding a breach of fiduciary duty is to decide whether the defendants had a fiduciary obligation to the plaintiffs. A fiduciary under ERISA is defined as a person, who with respect to the plan, exercises any discretionary authority or control over management of such plan or disposition of the assets, renders investment advice for a fee or other compensation with respect to any money or property of such plan, or has any discretionary authority or responsibility in the administration of the plan. 29 U.S.C. § 1002(21)(A). Congress intended that this definition be broadly construed and "include persons who have authority and responsibility with

respect to the matter in question, regardless of their formal title." *Donovan v. Mercer,* 747 F.2d 304, 308 (5th Cir.1984) (quoting from the legislative history of the Act). Mr. Mathis testified that he was involved in designing and installing the Intermedical Plan. He admitted in his answer that he is the Plan Supervisor for HPM. Since Mathis was in charge of the operations of HPM, the parties seem to accept the fact that any fiduciary duty imposed on HPM would be imposed on Mathis, and vice versa.

In the Contract for Services between HPM and Intermedical, HPM was designated as the Plan Administrator and was given "complete responsibility for filing necessary forms and reports with Federal and State regulatory authorities, approving claims submitted by eligible employees ... and paying said claims in accordance with procedures and approved by Sponsor (Intermedical)." Mr. Mathis also testified that HPM would process claims sent to them by Intermedical, signal Intermedical for the amount of funds needed to pay the claims, and then would write checks to the employees based on a deposit made by Intermedical. The Contract for Services also charged HPM with "fiduciary duties in the administration of the Plan and Fund, under the rules and regulations set out in ERISA."

■ *Freund v. Marshall & Ilsley Bank,* 485 F.Supp. 629 (W.D.Wis.1979), found that "[b]y the very nature of their positions, plan trustees and a plan administrator are fiduciaries with respect to a plan." *Id.* at 635. Section 1102(a)(1) requires every employee benefit plan under ERISA to "provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). It defines a "named fiduciary" as a fiduciary who is named or identified as a fiduciary by an employer or employee organization with respect to the plan. 29 U.S.C. § 1102(a)(2)(A). Clearly, under the Contract for Services, HPM was the designated or named fiduciary under

the Plan, because of its assumption of fiduciary duties. Therefore, HPM owed a fiduciary duty to the plaintiffs.

Mr. Mathis was not a named fiduciary under the Plan; however, he was involved with the administration of the Plan by virtue of his position as President at HPM. A person may be a fiduciary without being named. *Brandt v. Grounds,* 687 F.2d 895, 897 (7th Cir.1982). ERISA establishes that even though not a named fiduciary,

a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A), *Anderson v. Ciba-Geigy Corp.,* 759 F.2d 1518, 1522 (11th Cir.1985). If the person exercises management over assets, renders investment advice or exercises discretionary administrative control he is a fiduciary for purposes of ERISA. *Id.* at 1522. *The Sixty-Five Security Plan v. Blue Cross and Blue Shield of Greater New York,* 583 F.Supp. 380 (S.D.N.Y.1984), held that an insurer does not have to have total discretionary powers over a plan's assets before it becomes a fiduciary. *Id.* at 387. In *The Sixty-Five Security Plan,* Blue Cross had the responsibility of designing and implementing its own procedures for the day-to-day claims review process. The court found that the focus should not be on the activity involved, but the inquiry should be on the role played by the entity in processing claims. *Id.* "Where an entity, such as Blue Cross, has 'broad latitude in ... performing ... administrative tasks,' ... we think this is enough." *Id.* at 387 (citing *Eaton v. D'Amato,* 581 F.Supp. 743 (D.D.C.1980)).

■ With regard to the Intermedical Plan, Mathis reviewed claims, issued employee checks, provided for reinsurance and tax obligations, and advised Intermedical on the structure of the Plan. Under the

contract, he had discretion to "adopt procedures relating to the submission of benefit claims." The courts have not applied a restrictive "judicial gloss" to the term fiduciary to immunize those with administrative duties. *Eaton v. D'Amato,* 581 F.Supp. 743, 746 (D.D.C.1980). The court in *Eaton* said that in the Conference Report to ERISA, "Congress fully expected this definition (of fiduciary) to encompass consultants and advisors whose special expertise leads them to formulate and act on discretionary judgments while performing administrative functions not otherwise contemplated as fiduciary." *Id.* at 746. The alleged fiduciary's state of mind is not determinative of fiduciary status under ERISA. *Freund,* 485 F.Supp. at 635. A person's own belief as to whether he is a fiduciary is not determinative. *Donovan v. Mercer,* 747 F.2d at 308, n. 4. Therefore, even though Mathis felt that his limited control over the assets of the Plan precluded him from fiduciary responsibility, he still owed a fiduciary duty to the plaintiffs because of his discretionary authority in the administration of the Plan.

After finding that both of the defendants owed a fiduciary duty to the plaintiffs, this court must decide whether or not a breach occurred. Section 1104 sets forth the obligation of a fiduciary under ERISA. 29 U.S.C. § 1104(a)(1). ERISA has basically codified the common law prudent man standard of care. *National Labor Relations Board v. Amax Coal Co.,* 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). These standards require the fiduciary of a pension fund to:

discharge his duties with respect to a plan solely in the interest of the participants and their beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; ....

29 U.S.C. § 1104(a)(1)(A) & (B). Plaintiffs give two reasons for the defendants' breach.

First, the plaintiffs claim that the defendants breached their duty because they failed to notify the beneficiaries that the employer was not funding the account, causing claims to go unpaid. Mathis testified that by November of 1983, he became aware of the fact that Intermedical was not able to deposit sufficient monies to support the Plan. During this time, Mathis notified Intermedical about the cash flow problem with the account. Intermedical reported to Mathis that it was having financial difficulties and Mathis agreed to attempt to pay the past claims as best he could. At no time, however, did Mathis make any effort to contact the employees concerning these deficiencies. Mathis only became concerned about the financial condition of the Plan at the end of 1983, when he needed to make arrangements for renewal. In fact, it is possible that the employees at HPM realized the difficulties as early as the summer of 1983. A Cumulative Activity Report from HPM on claims for the year of 1983, showed from $40,000.00 to $48,000.00 of unpaid claims. Despite these deficiencies, the defendant believed that his only obligation was to the employer corporation which sponsored the Plan.

Several courts have held that at a minimum, the fiduciary under ERISA has an obligation to notify the employees of the employer's failure to contribute to the pension fund as required by the pension agreement. *See, e.g., Rosen v. Hotel and Restaurant Employees and Bartenders Union,* 637 F.2d 592, 600 (3d Cir.1981), *Aitken v. I.P. & G.C.U.—Employer Retirement Fund,* 604 F.2d 1261, 1271 (9th Cir.1979); *Phillips v. Kennedy,* 542 F.2d 52, 55 n. 8 (8th Cir.1976); *Pension Benefit Guaranty Corp. v. Greene,* 570 F.Supp. 1483 (W.D. Pa.1983), *aff'd,* 727 F.2d 1100 (3d Cir.1984). *Greene* involved an employee pension trust where funds were being diverted and mis-

managed. The trustees of the plan knew that corporate employers were failing to make their required contributions; however, they did not notify the pensioners of the delinquency. 570 F.Supp. at 1499. The court held that the trustees had a fiduciary obligation to inform the pensioners of the delinquencies. *Id.*

In *Rosen, supra,* the Third Circuit held that the fiduciary had a duty to inform the beneficiaries of their employer's failure to make required contributions to the fund. The court stated that "[c]ontinued eligibility is the core of the trustee beneficiary relationship and those responsible for the administration of the fund are required to notify pensioners when their employer jeopardizes their eligibility." 637 F.2d at 600, *see also,* n. 11 (citing Restatement (second) of Trusts § 173, Comment b, (1959)).

■ The facts reveal that HPM did not make an effort to notify any of the claimants, including the plaintiffs, concerning the financial problems with the Intermedical Plan. This court finds that this failure constituted a breach of the defendants' fiduciary obligations to the plaintiffs because without notice they were not able to make other arrangements for insurance coverage.

■ Second, the plaintiffs contend that the defendants breached their fiduciary duty by failing to furnish them with an annual financial report so that they could have been more aware of the deficits within the Plan. Pamela McNeese testified that had she received such a report, she would have been aware of a $71,000.00 deficit for 1982 and would have been able to make new arrangements in 1983. An annual financial report is required for every employee benefit plan under ERISA. 29 U.S.C. § 1023(b). ERISA also requires that the reports be made available to participants within 210 days after the close of the fiscal year. 29 U.S.C. § 1024(b)(2), (3). The Plan Administrator is specifically required to perform this obligation. *Id.* Under many plans, the Plan Administrator would be the employer. 29 U.S.C. § 1002(16)(A)(ii); *see also Hales v. Winn-Dixie Stores,* 500 F.2d 836 (4th Cir.1974). In the Master Contract between HPM and Intermedical, however, HPM is specifically designated as the Plan Administrator. Therefore, the defendants had an obligation to supply the plaintiff with an annual report pursuant to 29 U.S.C. § 1024(b)(3).

■ The role of this court in reviewing a breach of fiduciary duty is to determine whether the defendants have acted arbitrarily or capriciously. *Anderson v. Ciba-Geigy,* 759 F.2d 1518, 1520–21 (11th Cir. 1985). This court finds that the defendants acted arbitrarily and capriciously in violation of their fiduciary duties which they voluntarily assumed through their administration of the Intermedical Employee Health Plan. The fact that a fiduciary of an employee benefit plan acted in good faith is not a defense once a breach is established. *Donovan v. Daugherty,* 550 F.Supp. 390, 403 (S.D.Ala.1982); *see generally Leigh v. Engle,* 727 F.2d 113 (7th Cir.1984); *Donovan v. Bierwirth,* 680 F.2d 263 (2d Cir.), *cert. denied,* 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982). Because there is no issue of a material fact concerning the defendants' breach of fiduciary duty, the plaintiffs are entitled to summary judgment against defendants based on the facts and testimony submitted to this court. Accordingly, these defendants' motion for summary judgment will be denied.

In the complaint, the plaintiffs only specifically plead for damages to the extent of the medical expenses owed under the Plan. The plaintiffs have shown a causal connection between the breach of fiduciary duty and these losses. *Brandt v. Grounds,* 687 F.2d 895 (7th Cir.1982). From the plaintiffs' testimony, the court finds that this amount equals $11,341.00, which takes into consideration the $1,735.35 paid to her by HPM in April of 1984. The Supreme Court has limited the fiduciary's damages for breach to a beneficiary of a plan under ERISA to losses incurred under the contract. *Massachusetts Mutual Life Insur-*

*ance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Based on the pleadings, this court grants relief to the plaintiffs to the extent of their unpaid claims.

An order consistent with this opinion will be entered herewith.

### ORDER

This cause originally came before the court upon motion of plaintiffs Pamela K. McNeese and James W. McNeese for summary judgment. Thereafter, defendants W.F. Mathis and Health Plan Marketing, Inc., filed a motion for summary judgment. Upon consideration of the motions, pleadings, affidavits, exhibits, briefs of counsel, and applicable law, the court is of the opinion that summary judgment is due to be granted in favor of plaintiffs, as there exist no genuine issues of material fact, plaintiffs being entitled to judgment as a matter of law, and there being no just cause for delay in entering final judgment in favor of plaintiffs Pamela K. McNeese and James W. McNeese. Accordingly, in conformity with the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that plaintiffs' motion for summary judgment be and the same hereby is GRANTED, and that defendants' motion for summary judgment be and the same hereby is DENIED.

Default judgment having already been entered by this court against defendants American Intermedical Resources, Inc., AIR, Inc., and Larry House, final judgment is hereby entered in favor of plaintiffs Pamela K. McNeese and James W. McNeese, and against defendants American Intermedical Resources, Inc., AIR, Inc., Larry House, Health Plan Marketing, Inc., and W.F. Mathis, Sr., in the amount of $11,341.77, plus interest in the amount of $1,526.94, for a total judgment of $12,868.71.

Costs are taxed against all the defendants, except defendants Elliot T. Williams and A. Keith Berry, jointly and severally.