Sally **THRASHER**, Plaintiff,

v.

**CARDHOLDER SERVICES, Direct Merchants Bank, ABC, and DEF, Defendants.**

**No. Civ.A. 3:99CV630BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 5, 1999.

Eugene Coursey Tullos, Tullos, Tullos & Tullos, Raleigh, MS, for Sally Thrasher, plaintiff.

C. York Craig, Jr., Jack Robinson Dodson, III, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, for Cardholder Services, defendant.

C. York Craig, Jr., Jack Robinson Dodson, III, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, for Direct Merchants Bank, defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiff's Motion to Remand. After considering the motion and the response of Defendants, the Court finds that the motion is not well taken and is therefore denied.

### I. Background

Plaintiff filed this lawsuit on August 3, 1999, in the Circuit Court of Smith County, Mississippi. The complaint alleges that Plaintiff has been harassed by Defendants regarding a disputed credit card debt.

The named Defendants, each of which is a corporation domiciled outside the state of Mississippi, removed the case to this Court on September 10, 1999. As grounds for removal, Defendants asserted both diversity and federal question jurisdiction. Defendants argue that the jurisdictional amount in controversy required by 28 U.S.C. § 1332 is met in this case, despite the fact that the specific amount alleged in the complaint is $72,500.00, which is below the $75,000.00 jurisdictional requirement. Defendants also assert that federal question jurisdiction exists, under the artful pleading doctrine, because Plaintiff's state law claims are in fact "thinly veiled" federal claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Since the Court concludes that it has federal question jurisdiction, it is not necessary to address the issue of diversity jurisdiction.

## II. Discussion

Defendants assert that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because, although the complaint does not contain a federal question on its face, for all practical purposes, Plaintiff has alleged a cause of action governed by federal law. In particular, Defendants assert that Plaintiff's claims are governed by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Plaintiff counters with the argument that she has pled a viable state law cause of action for intentional or negligent infliction of emotional distress.

■ Generally, to determine whether an action presents a federal question for removal purposes, the court must examine the allegations of the plaintiff's well pleaded complaint. *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 366 (5th Cir.1995). Under the well pleaded complaint rule, a federal question must appear on the face of a plaintiff's state court complaint before a federal district court can exercise removal jurisdiction. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

The pertinent portions of the complaint are paragraphs 6 and 7. In paragraph 6, Plaintiff alleges that she "received harassing, intimidating, and threatening phone calls from the Defendants ... about an account which she had and [sic] the Plaintiff has continued to receive harassing and threatening phone calls from the Defendants." In paragraph 7, Plaintiff alleges that "the actions of the Defendants have caused the Plaintiffs [sic] much embarrassment, humiliation, worry, mental anguish, and physical pain, and they [sic] are entitled to be compensated." Although this language does not allege any specific cause of action, it clearly does not reveal a federal question on its face.

■ However, Defendants argue that the artful pleading doctrine should apply to make this case removable, even though no federal claims appear on the face of the complaint. This doctrine applies when a plaintiff has a federal claim but files her case in state court, asserting only state law claims worded in such a way as to avoid federal jurisdiction. In such a situation, courts are required to look behind the face of complaint and ascertain the real nature of a plaintiff's complaint. *See generally, Carpenter,* 44 F.3d at 366–67.

■ One situation in which the artful pleading doctrine applies is where the state law causes of action pled in the complaint are preempted by federal law. In such a situation, the case is removable even though only state law claims appear in the compliant. *See Avco Corp. v. Aero Lodge No. 735, Intl. Assn. of Machinists & Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (holding that where § 301 of the Taft Hartley applies, the case is removable even if only state law claims appear in the complaint); *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (holding that where ERISA applies, the case can be removed to federal court even if only state law claims appear in the compliant).

The issue faced by the Court in this case is whether the FDCPA preempts state common law causes of action arising out of conduct proscribed by the FDCPA. Pertinent to the Court's decision, therefore, are the proscriptive provisions of the FDCPA. The FDCPA prohibits a "debt collector" from "communicat[ing] with a consumer in connection with the collection of any debt—(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c. The FDCPA also prohibits any conduct that constitutes "harassment or abuse" and "false or misleading representations" in connection with the collection of a debt. *See* 15 U.S.C. §§ 1692d and 1692e. The conduct complained of by Plaintiff clearly falls into one or more of these categories of proscribed conduct. The Act defines the term "debt

collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts...." 15 U.S.C. § 1692a(5). Defendants meet this definition because they used interstate telephone lines to attempt to collect a debt. A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff clearly meets this definition. Therefore, if the FDCPA preempts common law causes of action, it governs Plaintiff's claims and the Court has jurisdiction over the case.

■ The FDCPA contains preemption language, but that language is directed toward state laws which deal directly with debt collection practices:

> This subchapter does not annul, alter, or affect or exempt any person subject to the provisions of this subchapter from complying with the laws of any State *with respect to debt collection practices,* except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

15 U.S.C. § 1692n (emphasis added). It is clear that a state law that specifically regulates debt collection is *not* preempted by the FDCPA, as long as the state law provides the debtor greater protection from improper conduct than the FDCPA. 15 U.S.C. § 1692n. *See also Irwin v. Mascott,* 186 F.R.D. 567, 573 (N.D.Cal.1999) (holding that the FDCPA does not preempt state laws, such as the Cal.Bus. & Prof.Code § 17200, that regulate debtor/creditor relationships and provide greater protection from debt collectors than the FDCPA) and *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 472–73 (M.D.La.1995) (holding that La.Rev.Stat. Ann. § 9:3576.8, which required debt collectors to be licensed by the state, was not preempted by the FDCPA because the provisions of the state statute were viewed as additional protection from debt collectors).

This preemption language indicates that Congress intended to preempt some state legislation, but it does not directly address the more precise issue presented by this case, which is whether the FDCPA preempts state common law causes of action, such as Plaintiff's intentional or negligent infliction of emotional distress claims, which are not limited in scope to abusive "debt collection practices."

■ In the absence of "explicit preemptive language," the United States Supreme Court has recognized two types of "implied preemption." *Gade v. National Solid Wastes,* 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). First, is "field preemption," which is "where the scheme of federal regulation is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" *Id.* (citation omitted). The Court has considered whether the preemption language quoted above might be read to indicate that Congress intended to preempt the entire field of debt collection practices. But, this analysis breaks down because Congress addressed preemption and then granted the exception to that preemption by giving states the right to legislate in the debt collection practices area in addition to Congress. Thus, it appears that field preemption is not the proper analysis.

■ The second type of implied preemption is "conflict preemption," which is "where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" embodied by the federal law. *Id.* "[I]n any preemption analysis, '[t]he purpose of Congress is the ultimate touchstone.'" *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). The stated purpose of the FDCPA

"is ... to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumer against debt collection abuses." 15 U.S.C. § 1692(e). The Court finds that Congress clearly meant to preempt some state causes of action because it specifically addressed preemption in § 1692n. The Court further finds that to permit plaintiffs in Mississippi to pursue causes of action alleging intentional or negligent infliction of emotional distress as remedies for abusive debt collection practices would stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in the FDCPA. Accordingly, under the doctrine of conflict preemption, the Court finds that Congress preempted the state causes of action alleged by Plaintiff.

Alternatively, the Court finds that the civil remedies section of the FDCPA, 15 U.S.C. § 1692k, preempts the state common law claims made by Plaintiff in this case under the doctrine of "conflict preemption" to the extent that recovery on those claims conflicts with the recovery provided under § 1692k. Through her intentional or negligent infliction of emotional distress claims,[1] Plaintiff seeks compensatory and punitive damages for injuries she has allegedly incurred by being harassed by Defendants regarding a debt they allege she owes. However, § 1692k limits the liability of a debt collector for engaging in the type of conduct proscribed by the FDCPA.

First, § 1692k(a)(1) states that a debt collector is liable for "any actual damage sustained by [the debtor] as a result of" a failure to comply with the proscriptive provisions of the Act. This provides for compensatory damages. To the extent that state common law allows compensatory damages, the protection it provides is co-extensive with the damages provision of the FDCPA. It is, therefore, not "greater than the protection provided" by the FDCPA and is preempted. 15 U.S.C. § 1692n.

Next, § 1692k(a)(2) states that a debt collector who violates the proscriptive provisions of the FDCPA is liable for "such additional damages as the court may allow, but no exceeding $1,000; ... and in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."[2] This precludes an award of punitive damages in excess of $1,000.00. Therefore, to the extent that Plaintiff seeks punitive damages in excess of $1,000.00, her claims conflict with the limitation on liability found in § 1692k(a)(2). Those claims are therefore preempted.

Because Plaintiff's state common law causes of action are preempted by the FDCPA, the artful pleading doctrine applies. The Court accordingly finds that the complaint presents a federal question. Removal on federal question grounds was, therefore, proper, and Plaintiff's Motion to Remand is accordingly denied.

### III. Conclusion

For the foregoing reasons, the Court finds that it has federal question jurisdiction. The Court finds that, despite Plaintiff's argument that she has alleged viable state law claims, her claims are governed by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the remedies available to her are accordingly limited.

---

1. The complaint does not specifically allege any cause of action, including infliction of emotional distress. However, for the sake of argument, the Court will construe the language of the complaint to allege intentional or negligent infliction of emotional distress.

2. Section 1692(a)(2)(B) provides, in the case of a class action, for an additional amount "not to exceed $500,000 or 1 per centum of the net worth of the debt collector" for the class.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [2] is hereby denied. This Court will retain jurisdiction over this case.

IT IS THEREFORE FURTHER ORDERED that Plaintiff, by November 12, 1999, is to file an amended complaint recasting her cause of action under the provisions of the FDCPA.