**William D. BINION, Plaintiff,**

v.

**FRANKLIN COLLECTION SERVICES, INC. and Attorney Jeffrey Waldo, Defendant.**

**No. 4:01CV15LN.**

United States District Court, S.D. Mississippi, Eastern Division.

June 12, 2001.

---

Thomas L. Kesler, Armstrong Walters, Walters & Walters, Columbus, MS, for Plaintiff.

William V. Westbrook, III, Bryant, Clark, Dukes, Blakeslee, Ramsey & Hammond, Gulfport, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of William Binion to remand to the Circuit Court of Noxubee County, Mississippi. Defendants Franklin Collection Services, Inc. (Franklin) and Jeffrey Waldo oppose the motion, and the court, having considered the parties' memoranda of authorities, concludes that plaintiff's motion is well taken and should be granted.

Plaintiff filed suit in state court against Franklin and Waldo alleging that these defendants had filed suit in the Justice Court of Noxubee County, Mississippi to recover on a debt owed by Binion. According to Binion's complaint, defendants misrepresented in the justice court complaint that the debt was an open account and based on this misrepresentation sought attorneys' fees pursuant to Miss. Code Ann. § 11–53–81. Based on this alleged false misrepresentation, which was not corrected at the hearing on the matter by defendants' non-lawyer representative, the justice court judge entered judgment against plaintiff which included attorneys' fees. Predicated on this factual scenario, the complaint purports to state causes of action against defendants, both Mississippi residents, for misrepresentation and abuse of process.

Defendants removed the case to this court, maintaining that plaintiff's misrepresentation and abuse of process claims are preempted by the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), and that consequently, this court has jurisdiction under 28 U.S.C. § 1331. However, because the court con-

cludes that the FDCPA does not completely preempt state law, plaintiff's claim is not completely preempted by the FDCPA; and there being no other basis for federal jurisdiction, the case must be remanded.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and the division embracing the place where such action is pending." Thus, for this court to have removal jurisdiction, the case must be one over "which the district courts of the United States have original jurisdiction." Defendants submit that although plaintiff has pled only state law claims, the case is, in fact, one "arising under the Constitution, laws, or treaties of the United States" thus giving rise to federal question jurisdiction under 28 U.S.C. § 1331 since plaintiff's putative negligence claim is preempted by the FDCPA.

■■■ "It is well-settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. National Elevator Indus. Pension Fund,* 187 F.3d 493, 499 (5th Cir.1999). The fact that the plaintiff has not pled his claim as a federal claim, however, is not necessarily dispositive, for there are circumstances in which a claim pled as a state law claim will be considered to arise under federal law. Specifically, as is relevant here, under what is known as the "artful pleading" doctrine, "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■■ In support of their assertion that plaintiff's claims in the case at bar arises under federal law, and in particular under the FDCPA, defendants rely exclusively on the court's opinion in *Thrasher v. Cardholder Services,* 74 F.Supp.2d 691 (S.D.Miss.1999), in which the court held that the artful pleading doctrine applied to transform a claim pled as a state law negligence claim into a claim arising under the FDCPA. The plaintiff in *Thrasher* had alleged in her state court complaint a cause of action for intentional or negligent infliction of emotional distress based on allegations that the defendant debt collector had harassed her regarding a disputed credit card debt. Judge William H. Barbour concluded that even though only state law claims appeared in the plaintiff's complaint, the artful pleading doctrine applied and the case was removable since the plaintiff's state common law causes of action were preempted by the FDCPA. *Id.* at 695. While *Thrasher* would appear to provide support for defendants' removal, its reliance on *Thrasher* is ultimately not well placed, for in *Thrasher,* Judge Barbour did not consider whether the FDCPA *completely* preempts state law claims, but rather concluded only that "under the doctrine of conflict preemption, ... Congress preempted the state causes of action alleged by Plaintiff." *Id.* The difference is not only significant, but dispositive of the jurisdictional issue here presented inasmuch as the Fifth Circuit has made clear that "[w]ithout complete preemption, the artful pleading doctrine does not apply." *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781, 783 (5th Cir.), *opinion withdrawn and superceded in part by,* 207 F.3d 225 (2000). In other words, " '[c]omplete preemption,' ... creates federal removal jurisdiction [whereas] the more common 'ordinary preemption' (also known as 'conflict preemption'), ... does not." *Johnson v. Baylor Univ.,* 214

F.3d 630, 632 (5th Cir.2000) (citing *Heimann*, 187 F.3d at 499). *See also Copling v. Container Store, Inc.*, 174 F.3d 590, 595–96 (5th Cir.1999) ("Because conflict preemption does not function as an exception to the well-pleaded complaint rule, the district court had no federal claims before it at any time. It never had valid subject matter jurisdiction. It had an obligation, therefore, to remand immediately."); *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir.2000) ("Under [the 'complete preemption' exception to the well-pleaded-complaint rule], if a federal law is found to 'completely preempt' a field of state law, the state-law claims in the plaintiff's complaint will be 'recharacterized' as stating a federal cause of action." ... To give rise to federal question jurisdiction, a court must find complete preemption.).

■■■ In terms of removal jurisdiction, then, the difference between "complete" preemption and "conflict" preemption is determinative:

> Ordinarily, the term federal preemption refers to ordinary preemption, which is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. By way of contrast, complete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law. As such, it authorizes removal to federal

court even if the complaint is artfully pleaded to include solely state law claims for relief or if the federal issue is initially raised solely as a defense.

*Heimann,* 187 F.3d at 500 (internal citations omitted).

■■■ In view of the foregoing, it is clear that even assuming conflict preemption applies to plaintiff's state law claims, this court lacks jurisdiction since there is no arguable basis for concluding that the FDCPA completely preempts plaintiff's state law negligence claim. In order to establish complete preemption, defendants must demonstrate the following:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.

*Johnson,* 214 F.3d at 632. Even assuming that the first two requirements are met (as implicitly found by the court in *Thrasher*), the third obviously is not. That is to say, there is nothing in the statute evidencing congressional intent that the preempted claims are subject to removal,[1] and defendants do not contend otherwise. Accordingly, as there is no federal claim on the face of the complaint and an absence of complete preemption, this case was not properly removed. Thus, remand is required.[2]

---

**1.** To the contrary, the fact that § 1692k(d) allows FDCPA claims to be asserted in "any appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction*" (emphasis added) seems inconsistent with a congressional intent to make preempted claims removable to federal court. *Cf. Sherron v. Private Issue By Discover,* 977 F.Supp. 804

(N.D.Miss.1997) (examining similar language in the Fair Credit Reporting Act and concluding that Congress did not intend preempted state law causes of action to be removable).

**2.** The court expresses no opinion as to *Thrasher*'s conclusion that the FDCPA preempts state common law causes of action.

Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.