# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 99-50779
_____

VERNON G. JOHNSON,

Plaintiff-Appellant,

VERSUS

BAYLOR UNIVERSITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____r
June 22, 2000

Before POLITZ, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Vernon Johnson appeals a judgment of dismissal, including an earlier denial of his motion to remand to state court his state law claim for tortious interference with contract. Concluding that the Pilot Records Sharing Act ("PRSA"), 49 U.S.C. § 44936, does not completely preempt state law claims so as to create federal question jurisdiction, we reverse and remand to the district court with instruction to remand to state court.

I.

Johnson, a pilot working for Baylor University ("Baylor"), was fired for chronic obesity and poor grammar. He sued Baylor in state court, alleging violations of the Americans with Disabilities Act and the Rehabilitation Act. According to the complaint, Johnson had been Baylor's chief pilot until his employment was terminated because of his chronic obesity. He alleged that

his termination constituted improper discrimination on the basis of a disability. Baylor removed to federal court, which granted summary judgment in its favor, and we affirmed. *See Johnson v. Baylor Univ.*, 129 F.3d 607 (5th Cir. 1997).

While the discrimination lawsuit was pending, Johnson obtained employment with Kitty Hawk Air Cargo, Inc. ("Kitty Hawk"), and began training. When Kitty Hawk sought his employment records from Baylor, the university replied that Johnson had been discharged for misconduct, that he was ineligible for rehire, and that his general personnel records were unavailable.

Johnson again sued in state court, alleging tortious interference with employment, contending that Baylor's statements to Kitty Hawk were false and caused his employment with Kitty Hawk to be terminated. Baylor again removed to federal court, based on its contention that Johnson's state-law claim for tortious interference was preempted by the PRSA; Baylor also moved to dismiss for failure to state a claim, reasoning that § 44936(g), entitled "limitation on liability; preemption of State law," precluded Johnson's state-law tort action. It argued that § 44936(g)(3) allows for liability only when a person knowingly has provided false information to an air carrier and that information has been maintained in violation of a federal criminal statute.

Johnson moved to remand to state court, noting that § 44936(g)(1) operates to limit the liability only of "a person who has complied with [a] request" from an air carrier for a person's employment records. Accordingly, Johnson argued that Baylor had not "complied" with Kitty Hawk's request, (1) because it had not followed the requirements of

§ 44936(f)(6) that he be notified of Kitty Hawk's request and had not provided him with an opportunity to request copies of the records to be furnished, and (2) because it had not turned over Johnson's personnel file, which indicated that he was a skilled pilot whose employment had been terminated solely because of his appearance. In sum, Johnson's argument was that while § 44936 constituted a possible defense to his tort action, that defense was unavailable to Baylor.

Baylor contended that jurisdiction in the district court was proper because the field of aviation is heavily regulated by the federal government. It also asserted that § 44936-(g)(2)'s preemption provision impliedly confers jurisdiction on the federal court, because if federal jurisdiction could be defeated merely by an allegation that a person had not sufficiently responded to an air carrier's request for employment records, the preemptive scope of § 44936(g) would be gutted.

The district court denied Johnson's motion to remand and held that § 44936(g) expressly and impliedly preempts state-law actions such as Johnson's. It also granted Baylor's motion to dismiss, holding that Johnson's claim is not encompassed by § 44936.

## II.

Johnson argues that the district court did not have removal jurisdiction and should have remanded, because no federal question is presented on the face of his well-pleaded complaint. He asserts that § 44936 provides only a federal *defense* to his state-court lawsuit, a defense that could be raised in state court on remand. Specifically, he argues that the PRSA effects not "complete" preemption of state law, but, instead, only "ordinary"

preemption. Section 44936 provides, in pertinent part:

(g) Limitation on liability; preemption of State lawSS

(1) Limitation on liability.SSNo action or proceeding may be brought by or on behalf of an individual who has applied for or is seeking a position with an air carrier as a pilot, and who has signed a release from liability, as provided for under paragraph (2), againstSS

(A) the air carrier requesting the records of that individual under subsection (f)(1);

(B) a person who has complied with such request;

(C) a person who has entered information contained in the individual's records; or

(D) an agent or employee of a person described in subparagraph (A) or (B);

in the nature of an action for defamation, invasion of privacy, negligence, interference with contract, or otherwise, or under any Federal or State law with respect to the furnishing or use of such records in accordance with subsection (f).

(2) Preemption.SSNo State or political subdivision thereof may enact, prescribe, issue, continue in effect, or enforce any law (including any regulation, standard, or other provision having the force and effect of law) that prohibits, penalizes, or imposes liability for furnishing or us-

ing records in accordance with subsection (f).

For the district court to have removal jurisdiction, 28 U.S.C. § 1441(a) requires that the case be one over "which the district courts of the United States have original jurisdiction." The original jurisdiction alleged by Baylor is "federal question" jurisdictionSSi.e., that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, "[i]t is well-settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999).

A corollary to the well-pleaded complaint doctrine "is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). "Complete preemption," which creates federal removal jurisdiction, differs from more common "ordinary preemption" (also known as "conflict preemption"), which does not. *Id.*[1] This distinction has led to the following observation:

Ordinarily, the term federal preemption refers to ordinary preemption, which is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Being a

---

[1] *See also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336-37 (5th Cir. 1999); *McClelland v. Gronwaldt*, 155 F.3d 507, 515 (5th Cir. 1998).

3

defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. By way of contrast, complete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law. As such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims for relief or if the federal issue is initially raised solely as a defense.

*Heimann*, 187 F.3d at 500 (internal citations omitted).

Complete preemption is a narrow exception: "[T]he Supreme Court has clearly sanctioned the rule only in the area of federal labor relations and the Employee Retirement Income Security Act of 1974." *Waste Control Specialists, LLC v. Envirocare, Inc.*, 199 F.3d 781, 784 (5th Cir.), *opinion withdrawn and superseded in part on reh'g on other grounds*, 207 F.3d 225 (5th Cir. 2000). To establish complete preemption, Baylor must show that

(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.

*Heimann*, 187 F.3d at 500. "[F]ew federal statutes can meet such an exacting standard." *Id*.

Because *Heimann* was decided after the district court dismissed Johnson's claim, it did not have the benefit of that holding in its consideration of Johnson's motion to remand. Rather than proceeding under the *Heimann* tripartite test for complete preemption, the court merely relied on ordinary-preemption principles. *Heimann* makes plain that § 44936 does not meet any of the three required criteria.

First, the PRSA contains no civil enforcement provision. The closest provision is § 44936(g)(3), which states that the limitation-on-liability and state-law-preemption sections are not applicable to persons who furnish false information that was "maintained in violation of a criminal statute of the United States." This provision does *not* create any cause of action, however, nor does it replace state law tort claims,[2] but it merely provides that the federal affirmative defense will not be available in certain instances.

Second, § 44936 does not provide a specific jurisdictional grant to federal courts for enforcement of the air carriers' rights. Indeed, subsection (g), like the rest of the PRSA, is silent with respect to jurisdiction.[3]

Baylor concedes that the Act contains no specific jurisdictional grant to the federal

---

[2] *Cf. Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1164 (5th Cir. 1989) (holding there was no express preemption, because the Longshore and Harbor Workers' Compensation Act contains no civil enforcement provision, and rejecting the idea that an "express denial" of a state-law cause of action was sufficient to grant removal jurisdiction, else the well-pleaded complaint rule would have no vitality).

[3] *Cf. id.* at 1165 (contrasting the LHWCA to ERISA and the LMRA, which have specific jurisdictional grants and which completely preempt state law in some circumstances).

courts, but it argues that this prong was intended to apply only to ERISA claims like the one presented in *Heimann*. But *Heimann* was not so limited. Significantly, its three-part test was considered to be a "general" one, and the court noted that "[t]his test should be 'applied with circumscription to avoid difficult issues of federal-state relations,' and accordingly few federal statutes can meet such an exacting standard." *Id.* (internal citations omitted). The court did not mention ERISA or any other statute in establishing the three factors, and, accordingly, Baylor has presented us with no reason not to apply those factors to the PRSA.

FinallySSunder the third prongSSthere are no indications in the PRSA or its legislative history of a clear congressional intent that these types of claims should be removable. Instead, Baylor makes a more general argument that "there is probably no other area in which there is more federal regulation than in the field of aviation." It also relies heavily on *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773, 787 (5th Cir. 1990), for the proposition that "Congress may so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character."

*Trans World* is not controlling. First, a recitation of the general complete-preemption principle, without application of the specific tripartite test, is no longer sufficient after *Heimann*, which requires a clear statement by Congress that state-law claims will be removable. Moreover, *Trans World*'s interpretation was of the Federal Aviation Act, not the PRSA, and its holding should extend only to the principle that "Congress did intend to preempt completely the particular area of state laws *relating to rates, routes, or services*

. . . to maintain uniformity and *to avoid the confusion and burdens that would result if interstate and international airlines were required to respond to standards of individual states.*" *Id.* (emphasis added, internal quotation marks omitted).

Here, there is no similar showing of congressional intent with respect to removal. Likewise, there is no serious danger that allowing Johnson's tortious interference claim will result in confusion or undue burdens on air carriers.

A remand to state court does not undermine Baylor's protections under § 44936. Instead, Baylor still is free to assert § 44936 as a federal defense to Johnson's state law claim. And to the extent that Baylor complied with subsection (f)(1)'s requirements for providing pilot information following Kitty Hawk's request, Baylor still will be immune from liability under either federal or state law in accordance with § 44936(g)(1).

Finally, our caselaw refutes the idea that aviation is generally a field of complete preemption. In *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995) (en banc), we held that a plaintiff's state law negligence claim for damages was not preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 1305(a)(1). We reasoned that "neither the ADA nor its legislative history indicates that Congress intended to displace the application of state tort law to personal physical injury inflicted by aircraft operations, or that Congress even considered such preemption." *Id.* Important to this conclusion was the fact that the ADA did not contain federal causes of action like those provided for in ERISA legislation. *Id.* at 338 n.8. So too for the PRSASSit confers no federal cause of action,

5

and there is no evidence that Congress intended to make state law claims removable.

Thus, § 44936's preemption provision and resulting affirmative defense are insufficient, without more, to create federal question jurisdiction. Because the PRSA does not meet any of the three required criteria under *Heimann*, it does not completely preempt state law, and removal was improper.

The judgment is REVERSED and REMANDED with instruction to remand to state court.