**TOWER LOAN OF MISSISSIPPI,**
**Plaintiff,**

v.

**HOSPITAL BENEFITS,**
**INC., Defendant.**

**No. Civ.A. 301CV139LN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 5, 2001.

Patrick H. Scanlon, Scanlon, Sessums, Parker & Dallas, Jackson, MS, for plaintiff.

Clifford K. Bailey, III, Wise, Carter, Child & Caraway, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Tower Loan of Mississippi (Tower) to remand pursuant to 28 U.S.C. § 1447. Defendant Hospital Benefits, Inc. (HBI) has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion to remand should be granted.

The facts, as alleged by Tower in its state court complaint, are as follows. In January 2000, Tower and HBI entered into a claims-processing agreement under the terms of which HBI was responsible for processing and distributing benefits for payment of claims submitted by Tower employees under an employee benefit plan adopted by Tower in 1995. According to Tower, it terminated its agreement with HBI on January 1, 2001, allegedly based on "HBI's failures to timely and properly perform its duties under the agreement." Subsequently, after repeated fruitless requests that HBI process and pay those claims that were pending at the time the claims-processing agreement was terminated, Tower filed the present suit in the Chancery Court of Rankin County, Mississippi, seeking an injunction of specific performance of HBI's alleged obligations under the agreement, compensatory damages for unearned administrative fees paid by Tower to HBI and for the "low morale among Tower's employees because of the

improper delays in paying the employees' medical claims" (as well as other unspecified "expenses and damages"), and punitive damages and attorneys' fees.[1]

HBI removed the case, taking the position that this court has federal question jurisdiction under 28 U.S.C. § 1331 since Tower's claims are completely preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*[2] In its motion to remand, Tower acknowledges that its employee benefit plan is covered by ERISA, but it maintains that its state law claim against HBI for breach of the claims-processing agreement relates to that ERISA plan in "too tenuous, remote or peripheral a manner" to warrant a conclusion of ERISA preemption. The court agrees, and will thus grant Tower's motion to remand.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1444(a). Under 28 U.S.C. § 1331, district courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether such jurisdiction exists in a given case is determined by the " 'well-pleaded complaint rule,' under which the district courts may exercise jurisdiction if a federal question is presented by the plaintiffs' statement of their own claims on the face of their properly plead complaint." *Gray v. Murphy Oil USA, Inc.*, 874 F.Supp. 748, 751 (S.D.Miss.1994). *See also Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir.1999) ("It is well-settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). In this case, Tower's state court complaint does not purport to allege a claim under ERISA, but rather sets forth only a state law claim for breach of contract. However, that does not necessarily preclude a finding of jurisdiction, for "[a] corollary to the well-pleaded complaint doctrine 'is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.' " *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000) (quoting *Heimann*, 187 F.3d at 499). "[Complete preemption] authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims for relief or if the federal issue is initially raised solely as a defense." *Id.* *See McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir.1998) ("In effect, the application of complete preemption 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Because they are recast as federal claims, state law claims that are held to be completely preempted give rise to 'federal question' jurisdiction and thus may provide a basis for removal.") (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)).

In assessing issues of removal jurisdiction, the Fifth Circuit has taken care to distinguish between " 'complete preemption,' which creates federal removal jurisdiction," and the "more common 'ordinary preemption' (also known as 'conflict pre-

---

**1.** According to Tower, after it filed this lawsuit, Tower and HBI terminated their relationship and HBI turned over all claims that were then pending or unprocessed, thus mooting Tower's claim for injunctive relief, and leaving for resolution only Tower's claim for damages allegedly incurred as a result of HBI's alleged breach of the administration agreement.

**2.** The court notes that inasmuch as Tower is a Mississippi corporation and HBI is a Delaware corporation, there is no basis for diversity jurisdiction.

emption'), which does not," *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000), stating,

> Ordinarily, the term federal preemption refers to ordinary·preemption, which is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. By way of contrast, complete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law. As such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims for relief or if the federal issue is initially raised solely as a defense.

*Id.* (citing *Heimann*, 187 F.3d at 500). The court has also explained, though, that although "ordinary" and "complete" preemption are distinct, they are nonetheless related to the extent that "ordinary preemption is a necessary—but obviously not a sufficient—precondition to complete preemption in . the context of ERISA." *McClelland v. Gronwaldt*, 155 F.3d 507, 517 (5th Cir.1998); *see also Hartle v. Packard Electric*, 877 F.2d 354, 355 (5th Cir.1989) (holding that "ordinary" preemption is a "prerequisite to [the] exercise of jurisdiction" pursuant to "complete preemption"). Accordingly, in evaluating removal jurisdiction, the court "generally engages in a two-step inquiry, determining, first, whether a claim is subject to ordinary preemption, and second, whether complete preemption applies." *Bullock v. Equitable Life Assur. Soc. of U.S.*, 259 F.3d 395, 401 (5th Cir.2001).

▮ Section 514(a) of ERISA, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan" covered by ERISA, 29 U.S.C. § 1144(a), "gives rise to 'ordinary' or 'conflict' preemption, resulting in the displacement of state law." *Bullock v. Equitable Life Assur. Soc. of U.S.*, 259 F.3d 395, 399 (5th Cir.2001). While the term "relate to" in § 514 has been read broadly, the courts have recognized that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* Preemption is found "where (1) the claim addresses areas of exclusive federal concern, such as the right .to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities—i.e., the employer, plan administrators, fiduciaries, participants, and beneficiaries." *Id.* (citing *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990)). In *Memorial Hospital System*, the court emphasized that

> the most important factor for a court to consider in deciding whether a state law affects an employee benefit plan "in too tenuous, remote, or peripheral a manner to be preempted" is whether the state law affects relations among ERISA's named entities. "[C]ourts are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and· an outside party, or between two outside parties with only an incidental effect on the plan."

*Memorial Hosp. Sys.*, 904 F.2d at 249. The question that first presents itself, then, is whether HBI is an ERISA named entity, or more particularly, whether it is a "fiduciary" under ERISA.

Section 3(21)(A) of ERISA states that

a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21)(A).

The court's understanding from its review of the parties' submission is that HBI does not contend that it actually exercised any discretionary authority or discretionary control or responsibility respecting the management or administration of Tower's plan, but rather it takes the position that since Tower identified HBI as a fiduciary in its chancery court complaint, then by reference to Tower's "well-pleaded complaint," which is the proper point of reference for the court's jurisdictional inquiry, it must be concluded that this court has federal question jurisdiction.

■ It is true that in its state court complaint, Tower did allege that its employee benefit plan named HBI as "the supervisor of the plan, fiduciary, and plan administrator." In fact, however, the plan *did not* name or designate HBI as the administrator or as a fiduciary, but rather identified HBI only as the "plan supervi-

sor"; and it said nothing of HBI's duties, if any, with respect to the plan. In its motion to remand, Tower acknowledges this pleading error, and further maintains that not only is HBI not named in the plan documents as a fiduciary, but that HBI, in fact, is not a plan fiduciary and that Tower's complaint, therefore, is not preempted by ERISA.[3] The court agrees.

■ In *Reich v. Lancaster*, 55 F.3d 1034, 1047 (5th Cir.1995), the Fifth Circuit emphasized that the determinative inquiry in assessing whether one is a fiduciary under ERISA is whether a party has exercised discretionary authority or control over a plan's management, assets, or administration. The court went on to note, though, that while it is discretionary authority or control which renders one a fiduciary, one whose discretion is " 'sufficiently limited by a preexisting framework of policies, practices and procedures' " is not a fiduciary. *Id.* (quoting *Useden v. Acker*, 947 F.2d 1563, 1575 (11th Cir.1991), *cert. denied*, 508 U.S. 959, 113 S.Ct. 2927, 124 L.Ed.2d 678 (1993)). Thus, "[a] third-party administrator who merely performs ministerial duties or processes claims is not a fiduciary." *Id.See also Confer v. Custom Eng'g Co.*, 952 F.2d 34, 36 (3d Cir.1991) ("Since discretionary authority, responsibility or control is a prerequisite to fiduciary status, it follows that persons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles."); *Stewart v. Allied Ben. Systems, Inc.*, No. 92 C 4158, 1993 WL 54594, *1–2 (N.D.Ill.1993) ("In contrast (to the ERISA definition of 'fiduciary'), a person who merely processes claims

---

**3.** The fact that HBI is not designated as a "fiduciary" in the plan documents is not determinative of its status as a fiduciary or not, since "Congress intended that th[e] definition [of fiduciary] be broadly construed and 'include persons who have authority and respon-

sibility with respect to the matter in question, regardless of their formal title.' ", *McNeese v. Health Plan Marketing, Inc.*, 647 F.Supp. 981, 983–84 (N.D.Ala.1986) (quoting *Donovan v. Mercer*, 747 F.2d 304, 308 (5th Cir.1984)).

'within a framework of policies, rules, and procedures established by others' is not a fiduciary.").

In its complaint in the case at bar, Tower, in addition to stating that the plan identified HBI as a fiduciary, recited that under the terms of its claims-processing agreement with HBI, HBI had the "sole duty of receiving claims from Tower's employees, processing the claim, and distributing the benefits." Citing this allegation, HBI argues that "[b]ased on the allegations of Tower's Complaint, HBI exercised total discretion and control over the processing of claims under the Tower plan." In fact, however, the complaint does not allege that Tower exercised "total discretion and control over the processing of claims," and neither party herein contends that HBI did, in fact, exercise discretion with respect to the processing and payment of claims, much less total discretion. And while Tower's allegation as to HBI's duty under the agreement is true in that it was HBI's duty to receive and process claims and distribute benefits to employees, it appears that HBI did not have *discretion* with respect to benefits decisions. Instead, the agreement recited:

> HBI shall determine each claimant's eligibility under the Plan, and shall review each claim and shall compute benefits payable, if any, on each claim in accordance with the benefits information set forth in the Plan Documents and subject to the provisions and conditions set forth below.
>
> (a) All contested or questionable claims or charges for benefit amounts after review by HBI shall be referred to the COMPANY for determination of liability. The COMPANY may authorize a special investigation at its own expense ... to determine whether benefits are payable under the Plan and shall direct HBI either [sic] to pay.
>
> (b) HBI shall assist the COMPANY in establishing a claims appeal procedure for handling disputes regarding claims for benefits or the payment of benefits. In accordance with the Plan and ERISA, it is understood that the COMPANY shall have sole and final discretion as to the final denial or payment of a claim on appeal.

Numerous courts have held that under similar arrangements, third-party administrators or plan supervisors were not fiduciaries. *See, e.g., Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir. 1985) (holding that the corporation hired by the plan administrator to administer an ERISA plan (which corporation had first reviewed and denied the plaintiff's claim for benefits) was not a fiduciary with respect to her claim for wrongful denial of benefits since it "perform[ed] only administrative functions, processing claims within a framework of policies, rules, and procedures established by others."); *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 129 (7th Cir.1992) (noting that "ERISA makes the existence of discretion a sine qua non of fiduciary duty," and holding that the plan administrator was not a fiduciary since it "had no discretion. Its function under the plan was clerical, mechanical, ministerial—not discretionary. It performed the list of ministerial functions spelled out in the Department of Labor's regulations under ERISA."); [4] *cf.*

---

4. The Department of Labor, responded to the following question:

> D–2 Q: Are persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures, but who perform the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:

*Stewart v. Allied Ben. Systems, Inc.*, 1993 WL 54594, *1–2 (where the plan description listed the employer as the "named fiduciary" with "complete authority to control and manage the operation and administration of the Plan" and indicated that the employer "shall have the discretionary authority to determine eligibility for benefits," but also indicated that another, Allied, was "the 'plan supervisor,' which calculates claims and reviews the denial of benefits," and describe[d] "Allied's review of benefits ... as 'final'," the court was unable to discern from the record "whether [the employer] delegated discretion to Allied to determine when to award benefits, or whether Allied merely followed guidelines established by [the employer]," and thus was unable to determine whether Allied was a fiduciary).[5]

Based on the foregoing, it is clear from the terms of the Tower–HBI claims-processing agreement that HBI lacks "discre-

> (1) Application of rules determining eligibility for participation or benefits;
> (2) Calculation of services and compensation credits for benefits;
> (3) Preparation of employee communications material;
> (4) Maintenance of participants' service and employment records;
> (5) Preparation of reports required by government agencies;
> (6) Calculation of benefits;
> (7) Orientation of new participants and advising participants of their rights and options under the plan;
> (8) Collection of contributions and application of contributions as provided in the plan;
> (9) Preparation of reports concerning participants' benefits;
> (10) Processing of claims; and
> (11) Making recommendations to others for decisions with respect to plan administration?
> A: No. Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries.
> 29 C.F.R. § 2509.75–8.

tionary authority or discretionary control respecting management of [Tower's employee benefit plan"—and it bears repeating that no party herein argues otherwise.

HBI argues that it still must be considered a fiduciary for jurisdictional purposes since "Tower's complaint alleges specifically that it provided money to HBI for HBI to use to pay Tower's employees' benefits claims," and since ERISA's definition of "fiduciary" includes anyone who "exercises any authority or control respecting management or disposition of its assets." While some courts have indicated that literally *any* authority or control respecting management or disposition of plan assets, without reference to whether any discretion is involved, will support finding that an entity is a fiduciary, and have suggested that "[t]he right to write checks on plan funds is 'authority or control respecting management or disposition of its assets,'" *IT Corp. v. General American Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997),[6] the Fifth Circuit is not among

5. In *Harold Ives Trucking Co. v. Spradley & Coker, Inc.*, 178 F.3d 523, 526 (8th Cir.1999), cited by HBI, the court held that although the contract between the employer and third-party administrator provided that the third-party administrator would have no discretionary authority and would provide only ministerial services, the

> contract [was] controlling only to the extent that [the administrator] actually carried out its responsibilities in a manner consistent with its provisions. In other words, [it] was not a fiduciary so long as it performed only ministerial duties. However, when a third-party administrator assumes discretionary authority, ... it must be held to have acted as a fiduciary, [regardless of what the administration contract provides].

As there was never an allegation, and there is no contention by any party herein that HBI assumed responsibilities or purported to exercise discretion that was not provided for by the contract, this principle has no application to the case at bar.

6. The court would note, though, that in *IT Corp. v. General American Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir.1997), the court did

them. On the contrary, in *Reich, supra,* the court indicated that without accompanying discretion, the existence of control over the management or disposition of plan assets does not give rise to fiduciary status under ERISA. *Reich,* 55 F.3d at 1047, The proof in *Reich* reflected that the third-party administrator had authority, *inter alia,* to draw checks on a plan account to pay plan benefits. *Id.* The court evidently did not consider the fact of this check-writing authority in and of itself to elevate the administrator to the status of a fiduciary, for had that been the court's view, the court presumably would have considered it unnecessary to engage in an analysis which took account of *all* the administrator's functions and the discretion accorded it in the performance of those functions in determining whether it was a fiduciary. In fact, quoting with approval from the Eleventh Circuit's opinion in *Useden v. Acker,* 947 F.2d 1563, 1575 (11th Cir.1991), the court observed that even " '[a]n entity which assumes discretionary authority or control over plan assets will not be considered a fiduciary if that discretion is sufficiently limited by a pre-existing framework of policies, practices and procedures.' " *Reich,* 55 F.3d at 1047 (quoting *Useden* ). Thus, the fact that HBI had authority to write checks in payment of benefits under the plan as part of its ministerial claims-processing function does not suffice to make it a plan fiduciary.

The court would observe, though, that even if it were to assume for the sake of argument that the fact that HBI was authorized to write checks on Tower's account for payment of claims in accordance with the terms of the parties' agreement constituted "authority or control respecting management or disposition of assets" sufficient to render it a fiduciary, it still would not be a fiduciary with respect to the claims asserted by Tower in this case. That is to say, Tower's claim in this case is not against HBI in its capacity as a fiduciary, since Tower does not challenge HBI's conduct with respect to any supposed management or authority with regard to the funds in the Plan's checking account.[7] Accordingly, the claim at issue in this case does not "directly affect" the relationship between Tower and HBI in its capacity as "an ERISA entity."

For these reasons, the court is of the opinion that Tower's claim is not subject to ordinary preemption under ERISA. There thus can be no complete preemption, and hence no removal jurisdiction. Accordingly, it is ordered that plaintiff's motion to remand is granted.

---

not ultimately "decide ... whether General American's authority to instruct the plan's bank to pay money to the order of drawees makes it a fiduciary as a matter of law."

**7.** Tower's claim is that HBI failed to process claims as required by the agreement, and to pay any claims that may have been payable, as required by the agreement. It does not claim that HBI mismanaged any plan assets or acted other than in accordance with any fiduciary duty if may have had with respect to the funds in the Plan's checking account.