Barney "Bud" THREADGILL,
individually and on behalf of
all others similarly situated,

v.

CINGULAR WIRELESS, L.L.C.

No. 1:02–CV–247.

United States District Court, E.D.
Texas, Beaumont Division.

Aug. 5, 2002.

John Gerard Werner, Reaud Morgan & Quinn, Beaumont, TX, for plaintiffs.

Gregory S. Meece, Thompson & Knight, Houston, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The issue before the court is whether the Federal Communications Act ("FCA") provides a basis for the defendant to remove plaintiff's claims to federal court. This is the controlling issue in the plaintiff's Motion to Remand (doc. # 2). Upon review of the motion and responses on file, this court is of the opinion that the Motion to Remand should be GRANTED.

### Factual and Procedural Background

Barney Threadgill ("Threadgill") entered into a contract with Cingular Wireless, L.L.C. ("Cingular"), for the provision of wireless telephone service. Threadgill claims that representatives of Cingular told him calls made from within the state of Texas would be covered under the "local rate plan". However, after receiving an invoice, Threadgill learned that many calls from within the Beaumont, Texas, area were being billed at a "roaming rate". Upon inquiry, Threadgill was informed the increased billing rate was due to the fact that his calls were being relayed through Louisiana cells. Threadgill claims Cingular offered to settle the overcharges at a reduced rate, but not the contracted for rate.

Threadgill filed this action in state court against Cingular claiming breach of contract, fraud, and violation of the Texas Deceptive Trade Practices–Consumer Protection Act § 17.46(b). Threadgill brings this as a potential class action by alleging Cingular intentionally misrepresented the rate that would be charged for wireless service in the Beaumont area and has knowingly charged a rate higher than that contracted for. Cingular removed this action to federal court and argues that the FCA completely preempts Threadgill's claims. Alternatively, Cingular argues that removal was proper because Threadgill's claims arise under federal common law.

### Federal Question Removal

 In general, a defendant may remove an action from state court if the federal court has subject matter jurisdiction over the action. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002); *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); 28 U.S.C. § 1441(a). Federal district courts have original subject matter jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The removing party has the burden of showing that federal jurisdiction exists and that removal was proper. *DeAguilar*, 47 F.3d at 1408. Ambiguities should be construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

 The well-pleaded complaint rule requires that a federal question must be presented on the face of a plaintiff's properly pleaded complaint before federal jurisdiction exists. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Hart v. Bayer Corp.*, 199 F.3d 239, 243–44 (5th Cir. 2000). If the plaintiff's complaint raises no issue of federal law on its face, then federal question jurisdiction is lacking. *Hart*, 199 F.3d at 244. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), *quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22, 103 S.Ct.

2841, 77 L.Ed.2d 420 (1983). This artful pleading doctrine allows a court to uphold removal, even though no federal question appears on the face of the complaint, when federal law completely preempts a plaintiff's state law claim. *Rivet*, 522 U.S. at 475, 118 S.Ct. 921; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■■■ Basically, the complete preemption doctrine provides "that Congress may so completely preempt a particular area [of state law] that any civil complaint raising this select group of claims is necessarily federal in character." *Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir.1999), (*quoting Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)); *Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir.2000). Complete preemption creates federal removal jurisdiction, unlike the more common ordinary preemption, or conflict preemption, which does not. *Johnson*, 214 F.3d at 632; *Heimann*, 187 F.3d at 499; *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336–37 (5th Cir.1999); *McClelland v. Gronwaldt*, 155 F.3d 507, 515 (5th Cir. 1998). The term federal preemption usually refers to ordinary preemption, which is a federal defense and may arise by an express statutory term or by a direct conflict between federal and state law. *Johnson*, 214 F.3d at 632; *Heimann*, 187 F.3d at 500. Because ordinary preemption is a defense and does not appear on the face of a well pleaded complaint, it does not authorize removal. *Id.* However, complete preemption is jurisdictional in nature, and therefore authorizes removal to federal court even if the complaint is artfully pleaded to only include state law claims or if the federal issue is initially raised solely as a defense. *Id.*

### Complete Preemption

■■■ Complete preemption is a narrow exception to the well pleaded complaint rule for the purposes of removal jurisdiction. *Johnson*, 214 F.3d at 632; *Shaw v. AT & T Wireless Services, Inc.*, No. CIVA 3:00CV1614L, 2001 WL 539650, at *2 (N.D.Tex. May 18, 2001). To establish complete preemption: (1) a statute must contain a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there must be a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there must be a clear Congressional intent that claims brought under the federal law be removable. *Johnson*, 214 F.3d at 632; *Heimann*, 187 F.3d at 500. Applying this analysis to the present case, this court concludes that the FCA does not completely preempt Threadgill's state law claims.

The FCA, in pertinent part, provides, "no State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services." 47 U.S.C.A. § 332(c)(3)(A). Additionally, 47 U.S.C. §§ 201(b) and 206 work in conjunction to create a federal cause of action against a common carrier who charges unreasonable rates. *See Shaw*, 2001 WL 539650, *4.

Cingular contends that while Threadgill's complaint purportedly relies on state law claims, it in fact raises a federal question by challenging the reasonableness of the rates charged. Threadgill maintains that his claims have nothing to do with the regulation of the rates Cingular charges, but rather his claims are based upon the alleged misrepresentations Cingular made to him, and its subsequent breach of the

contract. If plaintiff's original state court petition was as clear as his subsequent motions regarding the claims he is pursuing, no further analysis would be necessary. Based upon the briefing and correspondence plaintiff has submitted, this court is of the opinion Threadgill is not seeking to have the state court regulate the rates Cingular is charging. However, plaintiff's original petition was not as precise as his First Amended Complaint, allowed by this court on the 6th day of June, 2002.

In support of its contention that Threadgill's claims are completely preempted, Cingular points to the second page of the Plaintiff's Original Petition which states, "Due to the improper categorizing of these calls as being to or from Louisiana when they were in fact to or from Texas, Plaintiff has been charged amounts significantly in excess of the proper charges." While this court recognizes plaintiff's First Amended Complaint as the regnant complaint, the defendant argues that complaint should not be considered in determining whether to remand this case to state court. Cingular cites *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995), for the proposition that a complaint amended post-removal cannot divest a federal court of subject matter jurisdiction. Defendant's Surreply at 1. Defendant's arguments are not persuasive for two reasons.

First, this case was removed on the basis of federal question jurisdiction, not diversity jurisdiction. *See Giles v. NYL-Care Health Plans, Inc.*, 172 F.3d 332 (5th Cir.1999) (affirming a district court's order of remand after a plaintiff amended her complaint to exclude the completely preempted claims). Defendant's reliance on *Cavallini* for the proposition this case cannot be remanded based upon an amended complaint is misplaced, consider-

ing this case was removed on federal question jurisdiction.

Second, this court has never had subject matter jurisdiction ·over this case. Therefore, unlike *Giles*, this remand is not an exercise of discretion, but rather is made pursuant to 28 U.S.C.A. § 1447(c). *See Id.* at 335. Even if Threadgill's Original Petition were controlling, federal question jurisdiction would not exist because the claims stated in that petition were not completely preempted. Threadgill has made no claim that the rates Cingular is charging are unreasonable, or that the infrastructure they have in place is insufficient. *See Shaw* at *4. Rather, Threadgill claims that Cingular was dishonest in the marketing of its product, that it has intentionally breached a contract it entered into, and that it has perpetrated fraud by continuing to breach the contract. Because the FCA's enforcement provision does not create a cause of action for this type of conduct, the act fails to satisfy the first prong of the Fifth Circuit's tripartite test. *Id.*

Threadgill is not seeking remedies that would interfere with the intent of the FCA, and the inclusion of the above referenced sentence in the Operative Facts section of the Original Petition does not establish complete preemption over his claims. Indeed, this court finds that when read in context, the term "proper charges" was in relation to the charges specified in the contract, and related to the contract claim, not the reasonableness of the rates. Therefore, this court finds that Threadgill's claims, both as removed and as exist now, are not completely preempted. Thus, federal subject matter jurisdiction does not exist and remand is proper pursuant to 28 U.S.C. § 1447(c).

### Federal Common Law Removal

The defendant urges the court to deny Threadgill's motion based upon a theory of

federal common law removal. Cingular primarily relies upon *In re Comcast Cellular Telecommunications Litigation,* 949 F.Supp. 1193, 1201 (E,D.Pa.1996), *but see Spielholz v. Superior Court,* 86 Cal. App.4th 1366, 104 Cal.Rptr.2d 197 (Cal.Ct. App.2001). Defendant's argument is without merit. *In re Comcast* is distinguished by the fact that court found the true gravamen of the plaintiffs' complaint was to challenge Comcast's rates and billing practices; this court has found the opposite in the present case. *Id.* at 1203. Additionally, Judge Kelly acknowledged the more restrictive view of federal common law espoused by the Fifth Circuit. *Id.* Accordingly, in following binding precedent, this court refuses to allow removal for any reason other than those discussed supra.

### Conclusion

For the above stated reasons, this court finds that subject matter jurisdiction does not exist over this cause of action. Therefore, pursuant to 28 U.S.C.A. § 1447(c), this court is of the opinion this case should be remand to state court. Accordingly, it is so

ORDERED, that Plaintiff's Motion to Remand is GRANTED, therefore it is

ORDERED, that this case be REMANDED to the state court from whence it came at defendant's cost.