Alta SUMMERLIN, Individually, and as Administratrix of the Estate of Kristopher Robin Howard, Deceased, and as Administratrix of the Estate of Kirk Russell Howard, Deceased, Plaintiff,

v.

SCOTT PETROLEUM CORP., Scott Petroleum Corp. D/B/A Station No. 1, Cole Brothers & Fox Co., Solary Corporation, Halpern Import Co., Inc., First Prominence Co., Ltd., and John Does 1—30, Defendants.

No. CIV.A. 3:02CV349BN.

United States District Court, S.D. Mississippi, Jackson Division.

July 6, 2004.

Ottowa E. Carter, Jr., The Allred Law Firm, Charles E. Gibson, III, The Gibson Law Firm, Michael S. Allred, Allred Law Firm, Jackson, MS, for plaintiff.

Robert P. Thompson, Copeland, Cook, Taylor & Bush, Ridgeland, MS, John P. Sneed, Phelps Dunbar, William Matthew Vines, Page, Kruger & Holland, P.A., Jackson, MS, Roger C. Riddick, Upshaw, Williams, Biggers, Beckham & Riddick, LLP, Ridgeland, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the following Motions:

1) Plaintiff's Motion to Remand (filed May 21, 2004);

2) Motion of Defendant Solary Corporation for Summary Judgment (filed April 14, 2004); and

3) Plaintiff's Motion to Stay Ruling on Defendant's Motion for Summary Judgment (filed May 27, 2004).

Having considered the Motion to Remand and the corresponding Response and Rebuttal, the Court finds that the Motion to Remand is well taken and should be granted. Because the Motion to Remand is granted herewith, the pending Motion for Summary Judgment and Motion to Stay must be denied, without prejudice, as this Court lacks jurisdiction to render decisions on these two Motions.

## I. Factual Background and Procedural History

This cause of action arises out of the deaths of two minor children, Kristopher Howard and Eric Howard. The Howard children were burned to death in a house fire on October 5, 2001. Plaintiff Alta Summerlin, the administratrix of the estates of the Howard children, alleges that the fire was caused by a disposable cigarette lighter known as the "Strike 'n Lite" lighter (hereinafter "lighter"). Each Defendant in this suit falls under the category of a designer, manufacturer, importer, distributor or end seller of the lighter.

Alleging that the lighter was defectively designed, tested and manufactured, Plaintiff filed the subject suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi on March 5, 2002. An Amended Complaint was filed on September 30, 2003. The claims stated in the Amended Complaint are: (1) strict liability; (2) breach of warranties; and (3) negligence, failure to warn. Plaintiff seeks an unspecified amount of damages for medical expenses, loss of earnings, permanent injury, pain and suffering, mental anguish, loss of society and companionship

and property damages. Plaintiff also prays for an award of punitive damages.

■ Defendants removed the case to this Court on April 11, 2002, on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff filed the subject Motion to Remand on May 21, 2004.[1] The Motion to Remand is now ripe for consideration by the Court.

## II. Analysis

■ Through the Notice of Removal, Defendants contend that Plaintiff's claims are completely preempted by the Consumer Products Safety Act, 15 U.S.C. §§ 2051—2083 (hereinafter "CPSA"); thus the Court must exercise federal question jurisdiction over the case. Based on the following analysis, the Court disagrees.

■ Absent diversity of citizenship, federal question jurisdiction is required in order to remove a case to federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). To determine whether an action presents a federal question for removal purposes, the Court must examine the allegations of the Plaintiff's well pleaded complaint. *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 366 (5th Cir. 1995) (citation omitted). Under the well pleaded complaint rule, a federal question must appear on the face of a plaintiff's state court complaint before a federal district court can exercise removal jurisdiction. *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir.2002) (citation omitted). "An independent corollary to the well-pleaded complaint rule exists, however, known as the 'complete preemption' doctrine. If an area of state law has been completely preempted, any claim allegedly based upon that preempted state law is considered, from its inception, a federal claim and hence arises under federal law." *Crooks v. Certified Computer Consultants, Inc.,* 92 F.Supp.2d 582, 585 (W.D.La.2000) (citing *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425). However, "[i]n some cases where the plaintiff has available *no legitimate or viable* state law cause of action, but *only* a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law." *Id.* at 586 (emphasis in original)(citing *Carpenter,* 44 F.3d at 366). The Court notes that "[t]he artful pleading doctrine is a narrow exception to the well-pleaded complaint rule, and the preemption must be complete." *Id.* (citing *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781, 783 (5th Cir.2000)).

Defendants contend that the artful pleading doctrine applies in this case. To determine whether this Court can exercise jurisdiction over the subject case, a determination must be made as to whether the CPSA creates complete preemption, or whether it creates ordinary preemption, which is also known as conflict preemption. This determination must be made because the United States Court of Appeals for the Fifth Circuit has stated that complete preemption creates federal removal jurisdiction, but the more common ordinary or conflict preemption does not. *Johnson v. Baylor Univ.,* 214 F.3d 630, 632 (5th Cir. 2000) (citation omitted). Accordingly, the artful pleading doctrine applies *only if* complete preemption is found.

■ The United States Court of Appeals for the Fifth Circuit has not rendered a published decision on the issue of

---

1. The Motion to Remand was filed over two years after the case was removed to this Court. Notwithstanding the relatively long delay in the filing of the Motion to Remand, the Court must consider the merits of Plaintiff's remand arguments. *See,* 28 U.S.C. § 1447(c) (stating "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

whether the CPSA creates complete preemption, or whether it creates ordinary preemption. However, in *Johnson* the Fifth Circuit set forth a test that can be generically applied in most circumstances to determine whether complete preemption exists. The *Johnson* court held that in order to find complete preemption, all of the following three conditions must be met: [2]

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.

*Johnson,* 214 F.3d at 632 (citing *Heimann v. Nat'l Elevator Indus. Pension Fund,* 187 F.3d 493, 500 (5th Cir.1999), *overruled on other grounds by, Arana v. Ochsner Health Plan,* 338 F.3d 433 (5th Cir.2003)). The *Johnson* court went on to warn that "few federal statutes can meet such an exacting standard." *Id.*

This Court focuses on the first *Johnson* factor, whether the CPSA "replaces" all state law causes of action. Because this factor is not met, the Court need not analyze the second and third *Johnson* factors.

Defendants argue that the CPSA replaces, and thus preempts Plaintiff's state law claims because of the preemption provision set forth in 15 U.S.C. § 2075(a), which states:

> Whenever a consumer product safety standard under this chapter is in effect and applies to a risk of injury associated with a consumer product, no State or political subdivision of a State shall have any authority either to establish or to continue in effect any provision of a

safety standard or regulation which prescribes any requirements as to the performance, composition, contents, design, finish, construction, packaging, or labeling of such product which are designed to deal with the same risk of injury associated with such consumer product, unless such requirements are identical to the requirements of the Federal standard.

Plaintiff argues that the preemption provisions of § 2075(a) must be read in conjunction with the "savings clause" of § 2074(a) in order to determine whether the CPSA replaces all state law claims. Section 2074(a) states "[c]ompliance with consumer product safety rules or other rules or orders under this chapter shall not relieve any person from liability at common law or under State statutory law to any other person." Plaintiffs contend that under the plain language of § 2074(a), Congress clearly did not intend to preempt all consumer product safety claims under state law.

Plaintiff's argument is well supported by the holdings of the United States Supreme Court in *Geier v. Am. Honda Motor Co.,* 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000). In *Geier,* the plaintiff was injured in an automobile accident. The plaintiff asserted state common law causes of action against the car manufacturer and others claiming that the auto was defectively designed because it had no driver's side air bag. The Supreme Court was faced with deciding whether the National Traffic and Motor Vehicle Safety Act (hereafter "Motor Vehicle Safety Act") preempted plaintiff's state law claims.

Like the CPSA, the Motor Vehicle Safety Act contains both a preemption clause and a savings clause. Analyzing the inter-

---

**2.** The three tests set forth in *Johnson* are connected by "and," rather than "or." Therefore, *all* of the conditions must be met to support a finding of complete preemption.

play between the preemption clause and the savings clause of the Motor Vehicle Safety Act, the *Geier* court stated:

> [T]he Act contains another provision, which resolves the disagreement. That provision, a "saving" clause, says that "[c]ompliance with" a federal safety standard "does not exempt any person from any liability under common law." 15 U.S.C. § 1397(k) (1988 ed.). The saving clause assumes that there are some significant number of common-law liability cases to save. And a reading of the express pre-emption provision that excludes common-law tort actions gives actual meaning to the saving clause's literal language, while leaving adequate room for state tort law to operate—for example, where federal law creates only a floor, *i.e.*, a minimum safety standard. See, *e.g.*, Brief for United States as *Amicus Curiae* 21 (explaining that common-law claim that a vehicle is defectively designed because it lacks antilock brakes would not be pre-empted by 49 C.F.R. § 571.105 (1999), a safety standard establishing minimum requirements for brake performance). Without the saving clause, a broad reading of the express pre-emption provision arguably might pre-empt those actions, for, as we have just mentioned, it is possible to read the pre-emption provision, standing alone, as applying to standards imposed in common-law tort actions, as well as standards contained in state legislation or regulations. And if so, it would pre-empt all nonidentical state standards established in tort actions covering the same aspect of performance as an applicable federal standard, even if the feder-al standard merely established a minimum standard. On that broad reading of the pre-emption clause little, if any, potential "liability at common law" would remain. And few, if any, state tort actions would remain for the saving clause to save. We have found no convincing indication that Congress wanted to pre-empt, not only state statutes and regulations, but also common-law tort actions, in such circumstances. Hence the broad reading cannot be correct. The language of the pre-emption provision permits a narrow reading that excludes common-law actions. Given the presence of the saving clause, we conclude that the pre-emption clause must be so read.

*Geier*, 529 U.S. at 867–68, 120 S.Ct. 1913.

As in *Geier*, this Court finds that the CPSA forms only a minimum safety standard, and that its provisions are not intended to completely replace or preempt state common law causes of action. *See*, 15 U.S.C. § 2075(b) (stating that the pre-emption provisions of § 2075(a) do not preclude state law safety requirements which provide a higher degree of protection than the standards set forth in the CPSA); 16 C.F.R. § 1210.11 (stating that the CPSA "describes the *minimum* features of a reasonable testing program...."). Accordingly, the Court further finds that the CPSA does not "replace" or completely preempt Plaintiff's claims in this cause of action.[3] The Court must therefore grant Plaintiff's Motion to Remand, because this Court does not have jurisdiction over the case under the doctrine of complete preemption.

---

**3.** In a slip opinion in the case styled *Firth, et al. v. Gott, et al.*, 3:98CV280BN, the undersigned found that the CPSA did preempt state law claims. A copy of the *Firth* opinion is attached as Exhibit "C" to Defendants' Response to Plaintiff's Motion to Remand. The *Firth* decision was rendered on August 31, 1998. In this Opinion, the reasoning in *Firth* is not followed because subsequent binding case law from the Supreme Court (*see supra*, *Geier* ) and from the Fifth Circuit (*see supra*, *Johnson* ) has effectively overruled the reasoning therein.

### III. Conclusion

Based on the analysis and holdings presented above, the Court must remand this case to state court for want of federal jurisdiction under 28 U.S.C. § 1331. Because the Motion to Remand is granted herewith, the Court lacks jurisdiction to decide the pending Motion for Summary Judgment and Motion to Stay, and these Motions must be denied without prejudice. However, the Motions may be re-filed with the state court upon remand.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [48-1] is hereby granted. The Clerk of the Court is directed to remand this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that the Motion of Defendant Solary Corporation for Summary Judgment [45-1] is hereby denied, without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Ruling on Defendant's Motion for Summary Judgment [51-2] is hereby denied, without prejudice.